UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DONNA JEAN SEXTON-PEMBERTON, as )
administratrix and personal representative of the )
ESTATE OF BENNY SHANE PEMBERTON, )
)
Plaintiff, )
)
v. ) No. 3:17-CV-310-TRM-HBG
)
SCOTT COUNTY, TENNESSEE, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 45]. Defendants Advanced Correctional Healthcare, Inc., Dr. Capparelli, and Nurse Massengale (collectively, "Defendants") have objected [Doc. 50] to Plaintiff's Motion. The Motion is now ripe for adjudication. Accordingly, for the reasons stated below, Plaintiff's Motion [**Doc. 45**] is **GRANTED**.

**I.  POSITIONS OF THE PARTIES**

Plaintiff requests [Doc. 45] leave to file a Second Amended Complaint. For grounds, she states that the Second Amended Complaint is necessary to add allegations concerning when and how she discovered the information that prompted her to allege civil rights claims against Dr. Capparelli in her Amended Complaint. Plaintiff submits that the additional allegations are necessary so that she can effectively respond to Dr. Capparelli's argument that the § 1983 claims against him are untimely. Further, Plaintiff seeks to drop her state claims for wrongful death and

1

for intentional infliction of emotional distress against Dr. Capparelli and Nurse Massengale. Plaintiff continues that the amendment will also drop any and all claims against John and Jane Does, Nos. 1-15. Finally, she seeks to correct certain redundancies, duplication, typographical errors, and generally reduce the length of the Amended Complaint.

Plaintiff continues that when she commenced this action, the information she possessed was limited. She was aware via incident reports that Dr. Capparelli was purportedly called after Benny Pemberton ("Pemberton") was found unconscious in his cell. Plaintiff states that the report only indicated that Dr. Capparelli had instructed an officer to take Pemberton to the hospital. Plaintiff continues that on October 10, 2017, she received initial disclosures by Defendant Advanced Correctional Healthcare, Inc. ("ACH"). The initial disclosures stated that Defendant ACH would likely offer the testimony of Dr. Capparelli with respect to Pemberton's condition. Plaintiff states that upon receipt of the initial disclosures, she learned that Dr. Capparelli had information about Pemberton's condition while Pemberton was incarcerated. Further, Defendant Scott County's initial disclosures were similar and that further disclosures clarified Dr. Capparelli's role during Pemberton's incarceration. Plaintiff states that after learning such information, her attorney researched whether Dr. Capparelli was involved in other lawsuits and ultimately determined that he should be added as a defendant in this case. Plaintiff amended her Complaint in December 2017, adding Dr. Capparelli to this case.

The Motion states that after she filed an Amended Complaint, counsel for the parties conferred with respect to Dr. Capparelli's intentions of moving to dismiss the claims against him as barred by the statute of limitations. Plaintiff states that the proposed Second Amended Complaint is necessary to detail how Plaintiff and her attorney came to discover Dr. Capparelli's involvement in Pemberton's treatment and ultimate demise. Plaintiff argues that under the

discovery rule, the statute of limitations is tolled where the facts about causation are in control of a defendant and unavailable to a plaintiff. Plaintiff explains that the additional allegations will clarify when she realized—or should have realized—that Dr. Capparelli was involved in her son's treatment throughout his incarceration.

Defendants filed a Response [Doc. 50] in opposition to the Motion. Defendants assert that while Plaintiff claims that she was without the benefit of information, she did not submit a public records request for Pemberton's records until July 18, 2017, two days before filing suit and the expiration of the statute of limitations. Defendants state that Dr. Capparelli filed a Motion to Dismiss based on the expiration of the statute of limitations and that Plaintiff's amendments are futile. Defendants argue that Plaintiff's assertion that the discovery rule tolled the statute of limitations until October 2017 is unavailing. Defendants assert that Plaintiff's claim likely began accruing when Pemberton passed away on July 20, 2016. Defendants continue that any amendment at this point is futile because it is well outside the statutory timeframe. Defendants state that Plaintiff was well aware of Dr. Capparelli's involvement in treating Pemberton when she filed her initial Complaint. Defendants further states that Plaintiff's amendment fails to satisfy the mistaken identity requirement under Rule 15—that is, Plaintiff cannot prove that, but for a mistake in identity, Dr. Capparelli knew or should have known that this lawsuit would have been brought against him. In addition, Defendant states that there is no cause of action under § 1983 for failure to disclose records.

## II. ANALYSIS

The Court has considered the parties' positions and finds Plaintiff's Motion [Doc. 45] well taken.

The Court begins with Federal Rule of Civil Procedure 15, which provides that courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), courts have explained that motions to amend may be denied if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

In the instant matter, the Court observes that Plaintiff's Motion is timely under the Scheduling Order. *See* [Doc. 26 at 2] ("If any party wishes to amend the pleadings, such motion should be filed on or before October 8, 2018."). Further, the Motion was filed in accordance with Local Rule 15.1. It appears that the only dispute is whether Plaintiff's amendments are futile because they are barred by the statute of limitations and they do not state a claim for which relief can be granted.

The Court finds justice requires that Plaintiff be permitted to file her Second Amended Complaint. The Court has reviewed the proposed Second Amended Complaint and finds that the issues raised in Defendants' Response would be better served by dispositive motion practice. Specifically, as mentioned above, Plaintiff argues that the discovery rule tolls the statute of limitations, and she seeks leave to clarify when she realized that Dr. Capparelli was involved with Pemberton's treatment to avoid application of the statute of limitations defense. Defendant disputes that the discovery rule is applicable and argues that Plaintiff's claim most likely accrued when Pemberton passed away on July 20, 2016. The Court finds that such factual and legal issues,

a determination of which would be tantamount to a dispositive ruling, will be better addressed through dispositive motion practice with citations to the record and to case law.

Accordingly, the Court finds that the best and most appropriate course of action at this juncture is to permit Plaintiff to amend, and thereafter, Defendants may file appropriate dispositive motions. *See Wiggins v. Kimberly-Clark Corp.*, No. 3:12-cv-115, 2014 WL 1267574, at *2 (E.D. Tenn. Mar. 26, 2014) (allowing plaintiff to amend the complaint while noting that the related issues raised in the parties' briefs can be addressed through the filing of appropriate motions after the plaintiff files an amended complaint).

### III. CONCLUSION

Accordingly, for the reasons explained above, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint [**Doc. 45**]. Plaintiff **SHALL FILE** her Second Amended Complaint [Doc. 45-1] as her operative pleading in CM/ECF on or before **June 20, 2018.**

**IT IS SO ORDERED**.

ENTER:

*Bruce Guyton*
United States Magistrate Judge